# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:17-cv-00071-MR

| | |
|---|---|
| NOELLE BRYAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **MEMORANDUM OF** |
| NANCY A. BERRYHILL, ) | **DECISION AND ORDER** |
| ACTING, COMMISSIONER OF ) | |
| SOCIAL SECURITY ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's "Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b)(1)," which the Court construes as a Motion to Alter or Amend Judgment under Rule 59 of the Federal Rules of Civil Procedure. [Doc. 6].

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 9, 2017, the Plaintiff filed her Complaint and application to proceed *in forma pauperis*. [Docs. 1, 2]. On March 10, 2017, the Court entered an Order denying the Plaintiff's application to proceed *in forma pauperis* and giving the Plaintiff thirty (30) days to pay the required filing fee for this action. [Doc. 3]. In the Order, the Court warned the Plaintiff that failure

to pay the required filing fee within thirty (30) days of the entry of the Order denying her application would result in the dismissal of this action. [Id.].

Plaintiff failed to pay the required filing fee within the thirty (30) days of the entry of the Court's Order denying the Plaintiff's application to proceed *in forma pauperis*. On April 21, 2017, forty-one (41) days after the Court's entry of its Order denying the Plaintiff's application to proceed *in forma pauperis*, the Court *sua sponte* entered an Order dismissing this case without prejudice. [Doc. 4].

On April 25, 2017, the Plaintiff filed the present Motion for Relief from Judgment. [Doc. 6]. The Plaintiff's motion asserts that upon the entry of the Court's Order denying Plaintiff's application to proceed *in forma pauperis*, Plaintiff's counsel immediately notified the Plaintiff of the Court's Order. [Id. at ¶ 3]. The Plaintiff advised her counsel that she would send the filing fee but would have to do so in payments. [Id. at ¶ 4]. The Plaintiff made payments of $200.00 each to her counsel's office on March 24, 2017 and March 31, 2017, well prior to the deadline for paying the filing fee. [Id. at ¶ 5]. Plaintiff's counsel, however, inadvertently neglected to forward a check for payment of the filing fee to the Clerk's office upon receipt of the Plaintiff's payments. [Id. at ¶ 6].

The Plaintiff asserts that but for her counsel's oversight, she would have fully complied with the Order of the Court. [Id. at ¶ 7]. Plaintiff further asserts that her counsel had received the full filing fee payment from the Plaintiff within the time allowed by the Court and her counsel is prepared to immediately forward such payment to the Clerk of Court. [Id.]. The Plaintiff specifically requests the Court find that Plaintiff's counsel "has committed mistake, inadvertence, and/or excusable neglect by failing to forward the Plaintiff's payment of the filing fee to the Clerk of Court," and that the Court set aside the Judgment dismissing her case. [Id. at ¶¶ A, B].

## II.   STANDARD OF REVIEW

The Plaintiff's motion seeks relief from the Order pursuant to Federal Rule of Civil Procedure 60(b). Because the Plaintiff's motion was filed within twenty-eight days of the entry of the Order, however, the Plaintiff's motion is more properly construed as a motion to alter or amend the Order pursuant to Federal Rule of Civil Procedure Rule 59(e). See Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 412 (4th Cir. 2010); MLC Automotive, LLC v. Town of Southern Pines, 532 F.3d 269, 277 (4th Cir. 2008) (citing Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir. 1978) (holding that "if a post-judgment motion is filed within [twenty-eight] days of the entry of judgment

and calls into question the correctness of that judgment it should be treated as a motion under Rule 59(e), however it may be formally styled").

The Fourth Circuit has recognized three grounds for altering or amending a judgment under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pacific Ins. Co. v. American Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). Rule 59(e) is considered an "extraordinary remedy" which the Fourth Circuit has cautioned should be used only "sparingly" in exceptional circumstances. Id. Such motions should not be used "to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." Id. Ultimately, the decision to grant or deny a Rule 59(e) motion is a matter within the Court's discretion. See Robinson, 599 F.3d at 407.

## III. ANALYSIS

The Plaintiff does not contend that there has been an intervening change in the controlling law, or that there is any new evidence that must be accounted for. Thus, the Court need only consider whether relief is warranted under the third prong of Rule 59(e).

After carefully reviewing the Plaintiff's motion, the Court concludes that vacating the Order is necessary to prevent manifest injustice. The Order denying Plaintiff's application to proceed *in forma pauperis* instructed Plaintiff to pay the required filing fee within thirty (30) days of the entry of the Order and explicitly warned the Plaintiff that failure to pay the required filing fee would result in the dismissal of the action. [Doc. 3]. Indeed, the Plaintiff paid the full amount of the filing fee to her counsel well before the deadline. [Doc. 6 at ¶ 5]. Plaintiff's counsel, however, failed to forward the required filing fee and has admitted as much. [Id. at ¶ 6]. Due to counsel's oversight, and due to no fault of the Plaintiff, the required filing fee was not paid resulting in the dismissal of this action.[1]

Plaintiff's counsel regularly appears before this Court and is known to be a strict adherent to the Federal Rules of Civil Procedure as well as the

---

[1] While the dismissal was without prejudice, Plaintiff likely would have been barred from filing a new action. 42 U.S.C. § 405(g) requires that an action seeking judicial review of a social security ruling must be filed within sixty days of the Commissioner's final decision. The dismissal without prejudice of Plaintiff's case will likely preclude Plaintiff from bringing another action because the sixty day deadline will have passed. Boniella v. Commissioner Social Security, 317 F. App'x. 268 (3th Cir.2009); Christides v. Astrue, 2010 WL 5387596 (M.D.Fla.2010) (citing and quoting Bost v. Fed. Express Corp., 372 F.3d 1233, 1242 (11th Cir.2004)) ("Dismissal of a complaint without prejudice does not allow a later complaint to be filed outside the statute of limitations."). The sixty day time period contained in § 405(g) is a statute of limitations. Bowen v. City of New York, 476 U.S. 467, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986); Cleaton v. Secretary, Dept. of Health and Human Services, 815 F.2d 295 (4th Cir.1987). There is a doctrine of equitable tolling which may be applied in appropriate circumstances but that issue is not before the Court. Bowen, 476 U.S. at 481–82.

Court's Local Rules. Therefore, based in large measure on counsel's history of compliance with the Court's rules and procedures, the Court finds that counsel's failure to forward the payment of the required filing fee constitutes excusable neglect.

Under these exceptional circumstances, the Court finds that manifest injustice would result if the Order dismissing Plaintiff's case were not set aside. Accordingly, in exercise of its discretion, the Court vacates the Order dismissing the Plaintiff's case.

The Court admonishes Plaintiff's counsel to keep better track of the deadlines and in the future will be expected to comply strictly with all deadlines. The Court further admonishes Plaintiff's counsel not to rely on a presumption that the Court will be similarly lenient in the future.

## ORDER

For the foregoing reasons, **IT IS, THEREFORE, ORDERED** that the Plaintiff's "Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b)(1)" [Doc. 6] is **GRANTED,** and the Order dismissing Plaintiff's case without prejudice entered April 21, 2017 [Doc. 4] and the accompanying Clerk's Judgment entered on April 21, 2017 [Doc. 5] are hereby **VACATED.**

**IT IS FURTHER ORDERED** that the Plaintiff shall pay the required $400.00 filing fee file within five (5) days of the entry of this Order.

**IT IS SO ORDERED.**

Signed: May 31, 2017

Martin Reidinger
United States District Judge